IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| iFREEDOM DIRECT CORPORATION, f/k/a New Freedom Mortgage Corporation<br><br>Plaintiff,<br><br>v.<br><br>FIRST TENNESSEE BANK NATIONAL ASSOCIATION, successor-in-interest to First Horizon Home Loan Corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:09-cv-205-DN<br><br>District Judge David Nuffer |

Review of the filings by the parties[1] and the relevant law shows summary judgment is not appropriate for the reasons stated below.

1. Disputed material facts exist on the issue of waiver of the non-assignment provision in the Asset Purchase Agreement (APA). The disputed facts preclude summary judgment and this issue must resolved by a jury at trial.

2. Disputed material facts exist as to whether the sale to MetLife violated the APA and whether any breach caused any resulting damages. Although the APA does not contain a change of control provision, it does contain clause restricting assignment. Material disputed facts arise as to whether this assignment clause applies to First Tennessee Bank

---

[1] Defendant First Tennessee Bank National Association's Motion for Summary Judgment, docket no. 69, filed Feb. 20, 2012; Defendant First Tennessee Bank National Association's Memorandum of Law in Support of its Motion for Summary Judgment (Memo in Support), docket no. 70, filed Feb. 20, 2012; Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Opposition), docket no. 77, filed Mar. 22, 2012; Declaration of Kevin P. Gates Submitted in Opposition to Defendant's Motion for Summary Judgment, docket no. 78, filed Mar. 22, 2012; Defendant First Tennessee Bank National Association's Reply Memorandum in Support of its Motion for Summary Judgment, docket no. 87, filed Apr. 9, 2012.

National's (FTB) sale to MetLife and the assignment document[2] executed to implement the Purchase Agreement with MetLife,[3] and whether the sale or assignment caused any damages.

3. There is an unresolved dispute of material facts regarding the year-two earnout payments. FTB claims that "when Freedom demanded information relating to the calculations, First Tennessee again provided detailed financial information reflecting its calculation."[4] In support of this statement, FTB cites to "Complaint, Ex. B, November 17, 2008 letter to Freedom."[5] But this exhibit does not provide any calculation figures and the court cannot locate any calculations in the record. Whether FTB complied with the provisions of the APA in section 2.5 regarding disputes over calculations and whether the year-two earnout calculations or FTB's response to the Freedom demand constitute a breach of the APA are disputed factual issues.

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is DENIED.[6]

Dated July 6, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[2] Assignment and Assumption Agreement for Acquisition Contracts (between First Tennessee Bank National Association and MetLife Bank, National Association), attached as exhibit K, to Memo in Support, docket no. 70-12.

[3] Asset Purchase Agreement Between MetLife Bank, National Association and First Tennessee Bank National Association, docket no. 80-4, filed as a sealed exhibit to Opposition on Mar. 22, 2012.

[4] Memo in Support at 21.

[5] *Id.*

[6] Docket no. 69.