IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IFREEDOM DIRECT CORPORATION, f/k/a New Freedom Mortgage Corporation, <br><br>     Plaintiff, <br><br> v. <br><br> FIRST TENNESSEE BANK NATIONAL ASSOCIATION, successor-in-interest to First Horizon Home Loan Corporation, <br><br>     Defendant. | MEMORANDUM DECISION and ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF THE TESTIMONY OF DEFENDANT'S EXPERT WITNESES <br><br> JURY DEMANDED <br><br> Case No. 2:09-cv-205-DN <br><br> Judge David Nuffer |

Plaintiff iFreedom Direct Corporation ("Freedom") moved[1] to exclude portions of the testimony of James Reynolds and Gil Miller, who were both retained by Defendant First Tennessee Bank National Association ("First Tennessee") to provide expert opinion testimony at trial. The Court has reviewed the memoranda and the evidentiary materials the parties submitted in connection with Plaintiff's Motion[2] and has determined that the Motion should be granted in

---

[1] Docket no. 98, filed May 23, 2012.

[2] See Docket nos. 99, 106, 120.

part and denied in part. Additionally, the Court has marked certain portions of the expert reports of both Mr. Reynolds and Mr. Miller that are stricken for purposes of trial.[3]

Federal Rule of Evidence 702 allows a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to provide opinion testimony at trial, if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."[4] The expert's opinion testimony must be "based on sufficient facts or data," it must be "the product of reliable principles and methods," and the expert must have "reliably applied the principles and methods to the facts of the case."[5] The proponent of an expert witness bears the burden of demonstrating that that expert's testimony is admissible.[6]

"[T]he admission of expert testimony is within the sound discretion of the trial court."[7] The Court accordingly assumes a "gatekeeping" role to ensure that, under Rule 702, an expert's testimony is "not only relevant, but reliable."[8] "First, the court must determine whether the witness is qualified as an expert in the area about which he will testify. At the heart of this determination is the expert's foundation for the testimony."[9] "Second, the court must determine

---

[3] See Docket no. 153, which includes the Court's deletions to the expert reports of Mr. Reynolds and Mr. Miller; such deletions are attached as Exhibit A hereto.

[4] Fed. R. Evid. 702.

[5] Id.

[6] Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 970 n.4 (10th Cir. 2001).

[7] United States v. Vreeken, 803 F.2d 1085, 1091 (10th Cir. 1986).

[8] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 2795 (1993).

[9] Petersen v. Daimler Chrysler Corp., No. 1:06-CV-00108-TC, 2011 WL 2491026, at *2 (D.

whether the expert opinion is relevant and reliable."[10]  This involves examining "whether the evidence 'fits' the current issue and will assist the jury."[11]

### A. Mr. Reynolds May Not Testify Regarding What He Believes Was Mr. Gates' Intent, Understanding, or State of Mind.

Mr. Reynolds is not a psychologist or a psychiatrist.[12]  Thus, Mr. Reynolds' opinions regarding what Freedom's principal owner, Mr. Kevin Gates "understood," "chose to ignore," or "should have known" are excluded as identified in the Court's deletions[13] from the Mr. Reynolds expert report.[14]  Moreover, experts are not permitted to testify regarding "intent, motive, or state of mind, or evidence by which such state of mind may be inferred."[15]  Accordingly, Mr. Reynolds will not be allowed to testify at trial about what Mr. Gates supposedly "understood, "chose to ignore," or "should have known," again as indicated in the Court's deletions made from the expert report of Mr. Reynolds.  This means that the matters stricken by the Court from

---

Utah June 22, 2011) (citations omitted).

[10] Id.

[11] Utah Med. Prods., Inc. v. Clinical Innovations Assocs., Inc., 79 F. Supp. 2d 1290, 1316 (D. Utah 1999).

[12] (Reynolds Dep., p. 49-50).

[13] See Docket no. 153, pp. 21, 23 of Mr. Reynolds' expert report.

[14] Consolidated Rail Corp. v. Grand Trunk W. R.R. Co., No. 09-cv-10179, 2011 WL 6004275, at *5 (E.D. Mich. December 1, 2011) ("Courts should preclude an expert witness from testifying as an expert where the witness has specialized knowledge on one subject but attempts to testify on a different subject.").

[15] AstraZeneca LP v. Tap Pharmaceutical Products, Inc., 444 F.Supp.2d 278, 293 (D. Del. 2006); accord Bracco Diagnostics, Inc. v. Amersham Health, Inc., 627 F.Supp.2d 384, 440 (D.N.J. 2009).

Paragraph 2 on Page 21 and in Paragraph 3 on Page 23 of Mr. Reynolds' Report cannot be introduced at trial.

### B. Neither Mr. Reynolds nor Mr. Miller May Testify Regarding Legal Conclusions or Legal Standards.

Neither Mr. Reynolds nor Mr. Miller is a lawyer or a legal expert, and thus, they are not permitted to testify as to legal conclusions. "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."[16] Accordingly, "[e]xperts may not testify as to the legal effect of a contract."[17] Although the "ultimate issue" rule has been abolished, and an opinion can embrace the "ultimate issue" of a case, an expert's opinion testimony cannot "merely tell the jury what result to reach."[18] Accordingly, expert testimony that "direct[s] a verdict, rather than assisting the jury's understanding and weighing the evidence" is improper and should be excluded.[19] In short, "an expert may not state legal conclusions drawn by applying the law to the facts."[20]

Accordingly, Mr. Reynolds may not testify that the Asset Purchase Agreement did not include a change of control provision or that First Tennessee was not prevented from selling its

---

[16] Burkhart v. Washington Metropolitan Area Transit Auth., 112 F.3d 1207, 1213 (D.C. Cir. 1997).

[17] Consolidated Rail Corp., 2011 WL 6004275, at *8.

[18] Specht v. Jensen, 853 F.2d 805, 807 (10th Cir. 1988) (quoting Fed. R. Evid. 704 Advisory Committee's Notes).

[19] Id. at 808.

[20] MediaNews Group, Inc. v. McCarthey, 432 F. Supp. 2d 1213, 1227 n.16 (D. Utah 2006); accord Myers v. Alliance for Affordable Services, 371 Fed. Appx. 950, 961, 2010 WL 1340229 (10th Cir. 2010) (holding that the trial court properly excluded expert testimony that the defendant insurance agent was a "general or captive agent" of the defendant insurance company

mortgage platform.[21] Nor can he testify that in his opinion Plaintiff's reasoning for believing it was entitled to additional earnout payments under the terms of the Asset Purchase Agreement is "flawed and self-serving" and that First Tennessee acted "in good faith" by selling to MetLife.[22]

Mr. Miller may not testify specifically that Mr. Hoffman, Freedom's damages expert, "did not assist the Trier [sic] of fact," that "Mr. Hoffman's failure to [conduct a linear regression analysis] renders [Mr. Hoffman's] analysis and conclusions unreliable and unhelpful to the trier of fact," or that "'[b]ut-for' the sale of the former Freedom assets to MetLife, First Tennessee would likely have wound down operations outside of Tennessee."[23] Mr. Miller also may not specifically state that Mr. Hoffman failed to "provide the trier of fact any evidence" to link First Tennessee's actions or inactions with Freedom's alleged damages, or that "Mr. Hoffman offered no insight to assist the trier of fact" on the issue of causation of such alleged damages.[24] Mr. Miller may not opine as to the matters specifically contained in Paragraph 2 of Page 9 of Mr. Miller's expert report, and the first sentence on Page 10 of his report, because those are legal conclusions. Mr. Miller may not testify to those specifically stricken portions of Mr. Miller's report regarding Mr. Hoffman's "assumption [regarding a transition period] is unduly speculative" and Mr. Hoffman's "analysis is not based upon a reliable methodology."[25] Mr.

---

"with the authority to bind" defendant insurance company).

[21] (Reynolds Report at p. 23, ¶ 2.); Docket No. 153.

[22] (Id. at p. 25, ¶¶ 1, 3.); Docket No. 153.

[23] (Miller Report at p. 4.); Docket No. 153.

[24] (Id. at p. 7.); Docket No. 153.

[25] (Id. at p. 13.); Docket No. 153.

Miller may not testify to those specifically stricken portions of Mr. Miller's report stating that Mr. Hoffman's methodology and results are not "probative."[26]  Finally, Mr. Miller may not testify that "Mr. Gates accepted the risk that the [former Freedom business units] would not perform to a level to generate earnout payments."[27]

### C. Neither Mr. Reynolds nor Mr. Miller May Act as Simple Conduits of Deposition Testimony.

"[N]o expert or any other witness will be permitted to simply summarize the facts and the depositions of others.  Such testimony comes dangerously close to usurping the fact-finder's function and implicates [Federal Rule of Evidence 403] as a needless presentation of cumulative evidence and a waste of time."[28]  Moreover, a party may not "elevate and advocate the value of individual evidence by having it recounted by an expert."[29]  Expert testimony that is simply a "summation" of the evidence or an attempt to make a "closing argument" via an "expert" should be excluded.[30]

Accordingly, Mr. Reynolds may not testify that "[t]here is no dispute by New Freedom regarding [First Tennessee's] first-year retail and wholesale earnout payments, which covered the periods 8/1/06 through 7/31/07 and 11/1/06 through 10/31/07, respectively."[31]  While Mr.

---

[26] (Id. at p. 15.); Docket No. 153.

[27] (Id. at p. 19.); Docket No. 153.

[28] Bracco Diagnostics, Inc. v. Amersham Health, Inc., 627 F.Supp.2d 384, 441 (D.N.J. 2009).

[29] Hogan v. Novartis Pharm. Corp., Civ. No. 06-0260(BMC)(RER), 2011 WL 1533467, at *8 (E.D.N.Y. April 24, 2011).

[30] Id.; accord Walker, 2009 WL 837729, at *10 (excluding portions of the proposed expert's testimony that were "more like a closing argument than an expert opinion").

[31] (Reynolds Report at p. 23, ¶ 5.)

Reynolds may rely on deposition testimony to reach his own opinions, he may not simply summarize such deposition testimony as he does in the last sentence on the bottom of Page 25 of his Report. Finally, while Mr. Miller may identify deponents upon whose testimony he has relied in coming to his own opinion, Mr. Miller may not read the testimony of such deponents as a substitute for his own conclusions.[32]

**ORDER**

IT IS HEREBY ORDERED that Freedom's Motion to Exclude [Doc. No. 98] is GRANTED in part, and DENIED in part, as described above.

DATED this 27th day of July, 2012.

BY THE COURT:

_____
DAVID NUFFER
U.S. DISTRICT COURT JUDGE

---

[32] See Docket no. 153, p. 16 of Mr. Miller's Report.